UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

07 CV 7541

BURBERRY LIMITED,
    a United Kingdom corporation and

BURBERRY LIMITED,
    a New York corporation,

                    Plaintiffs,

v.

ICONIX BRAND GROUP, INC.,

                    Defendant.

Civil Action No.
**COMPLAINT**

Jury Trial Demanded

AUG 24 2007
U.S.D.C. S.D. N.Y.
CASHIERS

      Plaintiffs Burberry Limited (UK) and Burberry Limited (USA) (together, "Burberry" or "Plaintiffs") complain and allege against Defendant Iconix Brand Group, Inc. ("Iconix" or "Defendant") as follows:

<u>**INTRODUCTION**</u>

      1.     This action concerns Defendant's willful infringement of Burberry's famous, federally-registered BURBERRY CHECK trademarks, as described herein (collectively, the "BURBERRY CHECK"). For over three-quarters of a century, Burberry has devoted substantial resources to promoting the goodwill of the BURBERRY CHECK for a broad variety of goods, including wearing apparel and accessories. As a result of these efforts, the BURBERRY CHECK has become among the most famous marks in this country for such products.

      2.     Attempting to capitalize on the goodwill and fame associated with the BURBERRY CHECK, Defendant has widely publicized its intention to launch, and has begun to launch without Burberry's authorization, apparel bearing a check (the

"Infringing Check") that is identical or, if not identical, confusingly similar to the BURBERRY CHECK. Further, Defendant's advertising campaign for products bearing the Infringing Check mimics, and even directly lifts elements from, Burberry's distinctive advertising campaigns featuring the BURBERRY CHECK.

3.     Through its actions, Defendant misleads consumers into thinking that Burberry is affiliated, connected, or associated with Defendant, and/or that Burberry sponsors, endorses, licenses, or otherwise approves of Defendant's products. Defendant's use of the Infringing Check also dilutes the value of Burberry's famous BURBERRY CHECK. Unless enjoined, Defendant's conduct will continue to injure both Burberry and the public.

## JURISDICTION AND VENUE

4.     This action is based on Section 32(1)(a) of the Lanham Act, 15 U.S.C. § 1114, Sections 43(a) and (c) of the Lanham Act, 15 U.S.C. §§ 1125(a) and (c), Sections 349 and 360-l of the New York General Business Law, and the common law of the State of New York.

5.     This Court has jurisdiction over the subject matter of this action pursuant to Section 39 of the Lanham Act, 15 U.S.C. § 1121, and 28 U.S.C. §§ 1331 and 1338, and has supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a).

6.     Upon information and belief, Defendant resides in this District, and a substantial part of the events giving rise to the claims herein occurred in this District. Venue in this Court is therefore proper under 28 U.S.C. §§ 1391(b) and (c).

## THE PARTIES

7.    Plaintiff Burberry Limited (UK) is a corporation duly organized and existing under the laws of the United Kingdom with a principal place of business at 18-22 Haymarket, SW1Y 4DQ, United Kingdom.

8.    Plaintiff Burberry Limited (USA) is a corporation duly organized and existing under the laws of New York with a principal place of business at 1350 Avenue of the Americas, New York, New York 10019.

9.    Upon information and belief, Defendant is a corporation duly organized and existing under the laws of Delaware with a principal place of business at 1450 Broadway, 4th Floor, New York, New York 10018.  Upon information and belief, Defendant is registered to do business within the State of New York.

## BACKGROUND

### A.    The BURBERRY CHECK

10.    Burberry is an internationally recognized luxury brand with a worldwide distribution.  The company developed one of its hallmark products, the trench coat, when commissioned by the British War Office in 1914.  Burberry first used the BURBERRY CHECK to line trench coats shortly thereafter, in the 1920s.  Use of the BURBERRY CHECK then extended to scarves and other accessories in the 1960s.  Since then, this famous check has continuously appeared on BURBERRY products sold nationwide such as handbags, clothing, luggage, umbrellas and other items.  Burberry's merchandise bearing the BURBERRY CHECK is sold in high-end department stores such as Saks Fifth Avenue and Nordstrom, BURBERRY® stores, online at Burberry.com, and in other authorized retail establishments.

11.    What makes the BURBERRY CHECK so unique is the particular configuration of its intersecting and parallel lines. The BURBERRY CHECK displays a series of matching parallel lines, intersecting with the same number and configuration of perpendicular lines. The intersection of these grouped and matching parallel lines forms a series of squares at their intersection – each square deeper in saturation than the lines themselves. This also creates larger open framed squares in the areas of non-intersection. A single, much thinner line of a contrasting color, running on both the horizontal and vertical planes, intersects in the center of these framed squares. Photographs showing the BURBERRY CHECK are attached collectively as Exhibit A hereto. To Burberry's knowledge, no other manufacturer of clothing or accessories uses a check that is the same as, or confusingly similar to, the BURBERRY CHECK without Burberry's consent.

12.    Burberry's distinctive signature check is registered in almost 100 countries. In the United States alone, Burberry holds at least 9 registrations for the BURBERRY CHECK for products ranging from coats, scarves, and hats, to perfumes and fabrics for a host of products, including a wide range of clothing, purses and other accessories, and linens and other home goods. The U.S. Patent and Trademark Office records for these registrations are collectively attached hereto as Exhibit B. These registrations for the BURBERRY CHECK are in full force and effect and many have become incontestable pursuant to 15 U.S.C. § 1065.

13.    Burberry designs and/or licenses, assembles, finishes, markets, and sells in interstate commerce high quality handbags, clothing, luggage, umbrellas and many other products bearing the BURBERRY CHECK. The BURBERRY CHECK has thus been used by Burberry on, and in connection with, the advertising and sale of Burberry's

4

products, in interstate and intrastate commerce, including commerce in the State of New York and in this District.

**B.    Burberry's Advertising**

14.    Burberry has spent significant sums of money advertising and promoting its BURBERRY CHECK for decades. Burberry's advertising, like the BURBERRY CHECK, is unique and exclusively associated in the public's mind with the company. This advertising frequently depicts photos of women or couples donned in outerwear and accessories with the BURBERRY CHECK lining visible. These accessories have included: the classic BURBERRY "bucket hat" (a hat with a broad brim) displaying the BURBERRY CHECK; purses displaying the BURBERRY CHECK; shoes showing the BURBERRY CHECK; checked umbrellas; and even a dog wearing a BURBERRY CHECK coat.

15.    Nearly every Burberry campaign stretching back to the 1980s has included an iconic trench coat shot. Exhibit C is a prime example; it shows a photograph of the world-famous model Kate Moss wearing a BURBERRY trench coat and shoes, with the inner lining of the trench coat bearing the BURBERRY CHECK exposed. This advertisement dates back to 1999. Kate Moss has, in fact, appeared in numerous BURBERRY ads, and her image has been closely associated with Burberry's advertising for nearly a decade. In fact, Burberry has been making widespread use of the recent head shot of Ms. Moss, shown in Exhibit D, in which she is wearing BURBERRY sunglasses. That image has been displayed extensively on point-of-sale signs in establishments owned by Luxotica -- Burberry's licensee -- at literally hundreds of Sunglass Hut and LensCrafters locations.

16.     Burberry has advertised its BURBERRY CHECK products over the last several decades through fashion magazines and point-of-sale advertising. Burberry's advertising featuring the BURBERRY CHECK has unquestionably acquired distinctiveness and serves to indicate the source of its luxury goods.

**C.     Iconix and its Infringing Activities**

17.     Defendant Iconix owns a portfolio of fashion brands, including some mass market brands that appeal to youth such as the CANDIE'S and BONGO lines. To expand its product offerings, Defendant recently purchased the London Fog business out of bankruptcy. Upon information and belief, in so doing, Defendant intended to trade on Burberry's advertising, its product selection, and its trademarks, to reap immediately the benefits that Burberry established over many years.

18.     At the cornerstone of Defendant's scheme to outright copy and trade upon the fame and consumer recognition of the BURBERRY CHECK is Defendant's recent launch of its first product bearing the Infringing Check -- a check that is identical or, if not identical, confusingly similar to the BURBERRY CHECK. It is no accident that this product is the iconic product for which Burberry is most famous: the trench coat with a check lining. As shown by the attached digital photograph of this lining, the check that Defendant recently adopted infringes Burberry's rights in its famous, federally-registered BURBERRY CHECK. The spacing of lines; the thickness of the lines; the effects that occur at overlaps of the thicker lines; the squares created; their relation to each other; and the intersecting thinner lines in the open boxes are identical. *See* Exhibit E. This Infringing Check on the Iconix lining exhibits a pattern of two parallel lines intersecting with two perpendicular parallel lines; representative examples of BURBERRY scarves exhibiting this same 2 x 2 line effect are attached hereto as Exhibit

F. Moreover, based on the Iconix advertising, it appears that the company intends to expand its use of the Infringing Check to other goods sold by Burberry -- including coats, hats and scarves -- and in the same way as used by Burberry.

19.     Indeed, Burberry has viewed a sample scarf that Iconix purportedly intends to introduce into the marketplace. *See* Exhibit G. This scarf is nearly identical in its color scheme to one of the scarves displaying the BURBERRY CHECK, and is thus confusingly similar to Burberry's product. *Compare* Exhibits F (BURBERRY scarf) and G (Iconix scarf).

20.     To capitalize further on public confusion, Defendant has wholesale co-opted the look and feel of Burberry's advertising campaign described above. Defendant has widely publicized the launch of its new line in a four-page advertising spread in the September 2007 issue of *Glamour*. This spread, a copy of which is attached as Exhibit H, features black and white photographs of celebrities such as Kevin Bacon, Cheryl Hines, and Teri Hatcher wearing London Fog trench coats with the Infringing Check lining and London Fog scarves bearing the Infringing Check -- precisely the types of garments that Burberry has sold for decades, which, when bearing the distinctive BURBERRY CHECK, are exclusively associated with Burberry. Likewise, Defendant's ads in the September 2007 issues of *InStyle* and *Cosmopolitan*, attached hereto as Exhibits I and J, show London Fog trench coats prominently displaying the Infringing Check. Indeed, in this "side view" ad, which depicts a couple kissing in the rain, the girl is even wearing checked boots almost identical to Burberry's boots.

21.     Not only has Defendant misappropriated the look and feel of Burberry's campaign, but, even worse, it has also lifted some of Burberry's *own copyrighted images*

for use in its advertising. In particular, Defendant has published a video that includes a still shot of model Kate Moss, wearing BURBERRY® sunglasses, lifted directly from Burberry's *own* advertising of goods for sale on its e-commerce website. *See* Exhibit K. Likewise, Iconix's 2007 Brand Book (showing consumers the look and feel of the brand by compiling images of goods for sale) directly lifts images from Burberry's advertising campaign. These include the Kate Moss photo and a dog wearing a trench coat, a quilted hat showing the BURBERRY CHECK, a child's duffle coat, and an umbrella. *See* Exhibit L.

22. Upon information and belief, Defendant is selling products bearing the Infringing Check through websites such as www.nordstrom.com and www.macys.com, and throughout Macy's department stores in select areas.

23. By its actions, Defendant has misappropriated, infringed and diluted the BURBERRY CHECK. These actions have injured and continue to injure Burberry irreparably.

**COUNT ONE –**

**INFRINGEMENT OF REGISTERED TRADEMARKS AND
TRADE DRESS UNDER SECTION 32 OF THE LANHAM ACT**

24. Burberry hereby incorporates by reference and realleges each and every allegation of Paragraphs 1 through 23 above.

25. Section 32(1)(a) of the Lanham Act, 15 U.S.C. § 1114(1)(a), prohibits any person from using in commerce, without the consent of the registrant:

> any reproduction, counterfeit, copy, or colorable imitation
> of a registered mark in connection with the sale, offering
> for sale, distribution, or advertising of any goods or
> services on or in connection with which such use is likely
> to cause confusion, or to cause mistake, or to deceive . . . .

8

26.    The BURBERRY CHECK is federally registered.  The variations of the BURBERRY CHECK, as registered, are nonfunctional, fanciful and arbitrary and are associated in the mind of the public uniquely with Plaintiffs.

27.    Based on Burberry's extensive advertising, sales, and the popularity of its high quality products, the BURBERRY CHECK has also acquired secondary meaning so that the public associates these trademarks exclusively with Burberry.

28.    Defendant uses its Infringing Check in U.S. commerce in connection with Defendant's distribution, sale and/or offering for sale of its goods.

29.    Defendant has intentionally and knowingly used the Infringing Check without Burberry's consent or authorization.  Defendant's use, including the distribution, sale, and/or offering for sale of products bearing the Infringing Check in interstate commerce, is likely to cause confusion and/or mistake in the minds of the public, leading the public to believe that Defendant's products, including its trench coats lined with the Infringing Check, emanate or originate from Burberry, or that Burberry has approved, sponsored or otherwise associated itself with Defendant or its products.

30.    Defendant's unauthorized use of the Infringing Check as set forth above has resulted in Defendant unfairly benefiting from Plaintiffs' advertising and promotion and from the resultant goodwill in the BURBERRY CHECK, all to the substantial and irreparable injury of the public, Plaintiffs, the BURBERRY CHECK, and the substantial goodwill represented thereby.

31.    Defendant's wrongful acts will continue unless enjoined by this Court.

32.    Defendant's acts have caused and will continue to cause irreparable injury to Plaintiffs. Plaintiffs have no adequate remedy at law and are thus damaged in an amount not yet determined.

**COUNT TWO –**

**FALSE DESIGNATION OF ORIGIN AND TRADE DRESS
INFRINGEMENT UNDER SECTION 43(a) OF THE LANHAM ACT**

33.    Burberry hereby incorporates by reference and realleges each and every allegation of Paragraphs 1 through 32 above.

34.    Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), provides that:

> Any person who, on or in connection with any goods or services, . . . uses in commerce any word, term, name, symbol, or device, or any combination thereof, or any false designation of origin, false or misleading description of fact, or false or misleading representation of fact, which
>
> (1)  is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of such person with another person, or as to the origin, sponsorship, or approval of his or her goods, services, or commercial activities by another person, or (2) in commercial advertising or promotion, misrepresents the nature, characteristics, qualities, or geographic origin of his or her or another person's goods, services, or commercial activities, . . . .
>
> shall be liable in a civil action by any person who believes that he or she is or is likely to be damaged by such act.

35.    By making unauthorized use, in interstate commerce, of the Infringing Check, Defendant has used a "false designation of origin" that is likely to cause confusion, mistake or deception as to the affiliation or connection of Defendant with Burberry and/or as to the sponsorship or approval of Defendant's goods by Burberry, in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a). Defendant's acts as

alleged herein misrepresent the nature, characteristics, or qualities of its goods, services, or commercial activities.

36.     Defendant's acts constitute the use in commerce of false designations of origin and false and/or misleading descriptions or representations, tending to describe and/or represent, in a false or misleading fashion, Defendant's products as those of Plaintiffs in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

37.     Defendant's wrongful acts will continue unless enjoined by this Court.

38.     Defendant's acts have caused and will continue to cause irreparable injury to Plaintiffs.  Plaintiffs have no adequate remedy at law and are thus damaged in an amount not yet determined.

**COUNT THREE –**

**DILUTION UNDER**
**SECTION 43(c) OF THE LANHAM ACT**

39.     Burberry hereby incorporates by reference and realleges each and every allegation of Paragraphs 1 through 38 above.

40.     Plaintiffs' BURBERRY CHECK is famous and distinctive within the meaning of Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c).

41.     The BURBERRY CHECK is an inherently distinctive mark that has been in use for decades nationwide, and plays a prominent role in Plaintiffs' marketing, advertising, and the popularity of their products across many different media.  The BURBERRY CHECK became famous long before Defendant began using the Infringing Check on its products.  The BURBERRY CHECK has garnered widespread publicity and public recognition in New York and elsewhere nationwide.  To enhance its rights further,

Burberry has obtained several federal registrations, entitling it to nationwide rights in the BURBERRY CHECK.

42.     Defendant uses its Infringing Check in U.S. commerce in connection with Defendant's distribution, sale and/or offering for sale of its goods.

43.     Defendant's use of the Infringing Check actually dilutes, or is likely to dilute, the distinctive quality of the BURBERRY CHECK and thus lessens the capacity of the BURBERRY CHECK to identify and distinguish Burberry's goods.  Defendant's unlawful use of the Infringing Check in connection with inferior products also tarnishes the BURBERRY CHECK and causes blurring in the minds of consumers between Burberry and Defendant, as well as between genuine BURBERRY® merchandise and Defendant's goods, thereby lessening the capacity of the BURBERRY CHECK to serve as a unique identifier of Burberry's products.

44.     By the acts described in Paragraphs 1 through 42, Defendant has intentionally and willfully diluted, or is likely to dilute, the distinctive quality of the famous BURBERRY CHECK in violation of Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c).

45.     Defendant's wrongful acts will continue unless enjoined by this Court.

46.     Defendant's acts have caused and will continue to cause irreparable injury to Plaintiffs.  Plaintiffs have no adequate remedy at law and are thus damaged in an amount not yet determined.

## COUNT FOUR –

## DECEPTIVE ACTS AND PRACTICES UNDER
## SECTION 349 OF NEW YORK GENERAL BUSINESS LAW

47.    Burberry hereby incorporates by reference and realleges each and every allegation of Paragraphs 1 through 46 above.

48.    Plaintiffs are the exclusive owners of the BURBERRY CHECK nationwide, including in New York.

49.    Through its advertisements, offers to sell, and sales of products bearing a check identical or confusingly similar to the BURBERRY CHECK, Defendant has engaged in consumer-oriented conduct that has affected the public interest of New York and has resulted in injury to consumers in New York.

50.    Defendant's deceptive acts or practices, as described in the paragraphs above, are materially misleading.  Upon information and belief, these acts or practices have deceived or have a tendency to deceive a material segment of the public to whom the Defendant has directed its marketing activities, and Burberry has been injured thereby.

51.    By the acts described in Paragraphs 1 through 49, Defendant has willfully engaged in deceptive acts or practices in the conduct of business and furnishing of goods in violation of Section 349 of the New York General Business Law.

52.    Defendant's wrongful acts will continue unless enjoined by this Court.

53.    Defendant's acts have caused, and will continue to cause, irreparable injury to Plaintiffs.  Plaintiffs have no adequate remedy at law and are thus damaged in an amount not yet determined.

### COUNT FIVE –

### DILUTION AND LIKELIHOOD OF INJURY TO
### BUSINESS REPUTATION UNDER SECTION 360-l
### OF NEW YORK GENERAL BUSINESS LAW

54.    Burberry hereby incorporates by reference and realleges each and every allegation of Paragraphs 1 through 53 above.

55.    Plaintiffs are the exclusive owners of the BURBERRY CHECK nationwide, including in New York.

56.    Through prominent, long, and continuous use in commerce, including commerce within New York, Plaintiffs' BURBERRY CHECK has become and continues to be famous and distinctive, since long before Defendant's adoption of the Infringing Check.

57.    Defendant's use of the Infringing Check actually dilutes, or is likely to dilute, the distinctive quality of the BURBERRY CHECK and lessens the capacity of the BURBERRY CHECK to identify and distinguish Burberry's goods. Defendant's unlawful use of the Infringing Check causes blurring in the minds of consumers between Burberry and Defendant, as well as between genuine BURBERRY® merchandise and the Defendant's goods, thereby lessening the capacity of the BURBERRY CHECK to serve as a unique identifier of Burberry's products. Moreover, consumers are likely to purchase Defendant's products with the erroneous belief that Defendant is associated with, sponsored by, or affiliated with Burberry, or that Burberry is the source of those products.

58.    By the acts described in Paragraphs 1 through 57, Defendant has actually diluted, or is likely to dilute, the distinctiveness of Plaintiffs' marks, and has caused a

likelihood of harm to Plaintiffs' business reputation in violation of Section 360–l of the New York General Business Law.

59.    Defendant's wrongful acts will continue unless enjoined by this Court.

60.    Defendant's acts have caused, and will continue to cause, irreparable injury to Burberry.  Burberry has no adequate remedy at law and is thus damaged in an amount not yet determined.

### COUNT SIX –

### TRADEMARK AND TRADE DRESS
### INFRINGEMENT UNDER COMMON LAW

61.    Burberry hereby incorporates by reference and realleges each and every allegation of Paragraphs 1 through 60 above.

62.    Plaintiffs own all right, title, and interest in and to the BURBERRY CHECK as described above, including all common law rights in such marks and trade dress.

63.    The products sold by Defendant incorporate imitations of Plaintiffs' common law trademarks and trade dress.  Such unauthorized use by Defendant of Plaintiffs' common law trademarks and trade dress constitutes trademark and trade dress infringement, and is likely to cause confusion and mistake in the minds of the trade and the purchasing public as to the source of the products and to cause purchasers mistakenly to believe such products are Burberry's authentic goods.

64.    Upon information and belief, Defendant has appropriated one or more of Burberry's common law trademarks and trade dress, causing confusion, mistake, and deception as to the source of its goods.  Defendant palms off its goods as those of

15

Burberry, improperly trading upon Burberry's goodwill and Burberry's valuable rights in and to the BURBERRY CHECK.

65.     Upon information and belief, Defendant committed the above alleged acts willfully, in bad faith, and in conscious disregard of Plaintiffs' rights, and Plaintiffs are therefore entitled to exemplary and punitive damages pursuant to the common law of the State of New York in an amount sufficient to punish, deter and make an example of Defendant.

66.     By the acts described in Paragraphs 1 through 65 above, Defendant has engaged in trademark and trade dress infringement in violation of the common law of the State of New York.

67.     Defendant's wrongful acts will continue unless enjoined by this Court.

68.     Defendant's acts have caused, and will continue to cause, irreparable injury to Plaintiffs.  Plaintiffs have no adequate remedy at law and are thus damaged in an amount not yet determined.

### COUNT SEVEN –

### UNFAIR COMPETITION UNDER COMMON LAW

69.     Burberry hereby incorporates by reference and realleges each and every allegation of Paragraphs 1 through 68 above.

70.     Plaintiffs own all right, title, and interest in and to the BURBERRY CHECK as described above, including all common law rights in such marks.

71.     Defendant palms off its goods as those of Burberry, improperly trading upon Burberry's goodwill and Burberry's valuable rights in and to the BURBERRY CHECK.

72.     Upon information and belief, Defendant committed the above alleged acts willfully, in bad faith, and in conscious disregard of Plaintiffs' rights, and Plaintiffs are therefore entitled to exemplary and punitive damages pursuant to the common law of the State of New York in an amount sufficient to punish, deter and make an example of Defendant.

73.     By the acts described in Paragraphs 1 through 72 above, Defendant has engaged in unfair competition in violation of the common law of the State of New York.

74.     Defendant's wrongful acts will continue unless enjoined by this Court.

75.     Defendant's acts have caused, and will continue to cause, irreparable injury to Plaintiffs. Plaintiffs have no adequate remedy at law and are thus damaged in an amount not yet determined.

### COUNT EIGHT –

### UNJUST ENRICHMENT UNDER COMMON LAW

76.     Burberry hereby incorporates by reference and realleges each and every allegation of Paragraphs 1 through 75 above.

77.     Plaintiffs own all right, title, and interest in and to the BURBERRY CHECK as described above, including all common law rights in such marks and trade dress.

78.     Upon information and belief, Defendant has been and will continue to be unjustly enriched as a result of its unauthorized use of the Infringing Check on wearing apparel and accessories, thereby depriving Plaintiffs of revenues they rightfully should receive by virtue of the use of their famous trademarks and trade dress.

79.    By the acts described in Paragraphs 1 through 78 above, Defendant has retained revenues to which it is not equitably or legally entitled, and is thereby unjustly enriched at Plaintiffs' expense, in violation of the common law of the State of New York.

80.    Defendant's wrongful acts will continue unless enjoined by this Court.

81.    Defendant's acts have caused, and will continue to cause, irreparable injury to Plaintiffs.  Plaintiffs have no adequate remedy at law and are thus damaged in an amount not yet determined.

WHEREFORE, Burberry prays:

A.    For judgment that:

(i)    Defendant has violated Section 32(a) of the Lanham Act, 15 U.S.C. § 1114(a);

(ii)    Defendant has violated Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a);

(iii)    Defendant has violated Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c);

(iv)    Defendant has engaged in deceptive acts and practices under Section 349 of the New York General Business Law;

(v)    Defendant has diluted Burberry's marks in violation of Section 360-l of the New York General Business Law;

(vi)    Defendant has engaged in trademark infringement under the common law of the State of New York;

(vii)    Defendant has engaged in unfair competition in violation of the common law of the State of New York; and

(viii)    Defendant has been unjustly enriched in violation of the common law of the State of New York.

B.    That an injunction be issued enjoining and restraining Defendant and its officers, agents, servants, employees and attorneys and all those in active concert or participation with them, from:

(i)    Using the Infringing Check, or any reproduction, counterfeit, copy or colorable imitation of the BURBERRY CHECK to identify any goods not authorized by Burberry;

(ii)    Engaging in any course of conduct likely to cause confusion, deception or mistake, or to injure Plaintiffs' business reputation or dilute the distinctive quality of the BURBERRY CHECK;

(iii)    Using a false description or representation including designs, words, or other symbols tending falsely to describe or represent Defendant's goods as being those of Burberry, or sponsored by or associated with Burberry, and from offering such goods into commerce;

(iv)    Further infringing the BURBERRY CHECK by distributing, circulating, selling, marketing, offering for sale, advertising, promoting, renting, displaying or otherwise disposing of any products not authorized by Burberry bearing the Infringing Check or any simulation, reproduction, counterfeit, copy or colorable imitation of the BURBERRY CHECK;

(v)    Using the Infringing Check or any simulation, reproduction, counterfeit, copy or colorable imitation of the BURBERRY CHECK in connection with the promotion, advertisement, display, sale, offering for sale, circulation or distribution of any unauthorized products in such fashion as to relate or connect, or tend to relate or connect, such products in any way to Plaintiffs, or to any goods sold, manufactured, sponsored or approved by, or connected with Plaintiff;

(vi)    Making any statement or representation whatsoever, or using any false designation of origin or false description, or performing any act, which can or is likely to lead the trade or public, or individual members thereof, to believe that any products manufactured, distributed, or sold by Defendant are in any manner associated or connected with Plaintiffs, or are sold, manufactured, licensed, sponsored, approved or authorized by Plaintiff;

(vii)    Performing any act constituting an infringement of the BURBERRY CHECK or of Burberry's rights in said trademarks, or using or exploiting said trademarks, or constituting any dilution of Plaintiffs' BURBERRY CHECK;

(viii)    Secreting, destroying, altering, removing, or otherwise dealing with products bearing the Infringing Check or any books or records that contain any information relating to the importing, manufacturing, producing, distributing, circulating, selling, marketing, offering for sale, advertising, promoting, renting or displaying of all products bearing the Infringing Check, or any simulation, reproduction, counterfeit, copy or colorable imitation of the BURBERRY CHECK; and

(ix)    Effecting assignments or transfers, forming new entities or associations or utilizing any other device for the purpose of circumventing or otherwise avoiding the prohibitions set forth in subparagraphs (i) through (viii).

C.      That an order be issued directing Defendant to deliver up for destruction to Plaintiffs all unauthorized products and advertisements in its possession or under its control bearing the Infringing Check, or any simulation, reproduction, counterfeit, copy or colorable imitation of the BURBERRY CHECK, and all plates, molds, matrices and other means of production of same pursuant to 15 U.S.C. § 1118.

D.      That an order be issued directing such other relief as the Court may deem appropriate to prevent the trade and public from deriving any erroneous impression that any products manufactured, sold or otherwise circulated or promoted by Defendant are authorized by Plaintiffs or related in any way to Plaintiffs' products, including, without limitation, an order directing Defendant to remove all of Burberry's images from its advertising materials on the Internet, in print, and in any other media.

E.      For an assessment of the damages suffered by Burberry, trebled, including an award of all profits that Defendant has derived while using the Infringing Check, trebled, as well as costs and attorney's fees to the full extent provided for by Section 35 of the Lanham Act, 15 U.S.C. § 1117; and awarding profits, damages, and fees, to the full extent available, pursuant to Sections 349 and 360-l of the New York General Business Law; and punitive damages to the full extent available under the common law.

F.      For an order requiring Defendant to disseminate corrective advertisements in a form approved by the Court to acknowledge its violations of the law hereunder, and to ameliorate the false and deceptive impressions produced by such violations.

G.      For costs of suit, and for such other and further relief as the Court shall deem appropriate.

Dated:  New York, New York
        August 24, 2007

ARNOLD & PORTER LLP

By: _____
        Anthony Boccanfuso (AB 5403)
        Matthew Salzmann (MS 8403)
        399 Park Avenue
        New York, New York  10022-4690
        (212) 715-1000

        Roberta L. Horton
        Kimberly Isbell
        555 Twelfth Street, N.W.
        Washington, D.C.  20004
        (202) 942-5000

## DEMAND FOR TRIAL BY JURY

Please take notice that Plaintiffs, pursuant to Rule 38(b) of the Federal Rules of

Civil Procedure, hereby demand trial by jury for all issues so triable.

Dated:  New York, New York
        August 24, 2007

ARNOLD & PORTER LLP

By: _____

Anthony Boccanfuso (AB 5403)
Matthew Salzmann (MS 8403)
399 Park Avenue
New York, New York  10022-4690
(212) 715-1000

Roberta L. Horton
        *Pro hac to be submitted*
Kimberly Isbell
        *Pro hac to be submitted*
555 Twelfth Street, N.W.
Washington, D.C.  20004
(202) 942-5000